IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derrick Myran Frankson,<br><br>    Plaintiff,<br><br>v.<br><br>United States of America,<br><br>    Defendant. | No. CV 14-01060 PHX JAT (MEA)<br><br>**REPORT AND RECOMMENDATION** |

On May 16, 2014, Plaintiff filed a filed a pro se Motion for Return of Property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.  In an order (Doc. 5) issued August 27, 2014, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and ordered Defendant to answer or otherwise respond to the motion. Defendant docketed a motion to dismiss Plaintiff's claims on November 14, 2014. See Doc. 9.  On December 8, 2014, Plaintiff moved to dismiss his claims against Defendant. See Doc. 11.

Rule 41(g), Federal Rules of Criminal Procedure, provides:
 A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

> In response to the motion Defendant avers:
>  Plaintiff appears to seek the return of $14,950 in cash, clothes, a wallet, and other personal items.[]
> Plaintiff's property was taken not by Defendant but by the State of Arizona. Plaintiff has therefore sued the wrong defendant. Furthermore, all of Plaintiff's property which he seeks to have returned has already been forfeited to the State of Arizona, Office of the Attorney General or otherwise disposed of. There is thus no relief that can be granted. Additionally, Plaintiff has not alleged that the Defendant took, has or controls the subject property, and thus has failed to state a claim upon which relief can be granted. Defendant therefore respectfully requests that this case be dismissed on the ground that this Court lacks subject matter jurisdiction, that Plaintiff has failed to state a claim on which relief can be granted, and that this matter is moot.

Doc 9 at 1-2

Because there were no criminal proceedings pending at the time of filing, the motion is properly treated as a civil complaint governed by the Federal Rules of Civil Procedure. See United States v. Ibrahim, 522 F.3d 1003, 1007 (9th Cir. 2008); United States v. Ritchie, 342 F.3d 903, 906-07 (9th Cir. 2003).

A Rule 41(g) movant who asserts a post-conviction claim must first demonstrate that he is entitled to the property. See, e.g., United States v. Howell, 425 F.3d 971, 974 (11th cir. 2005). The government may rebut the movant's allegations with evidence that it has a legitimate reason to retain the property, or that it does not possess the property, or that the property has been destroyed. See Clymore v. United States, 415 F.3d 1113, 1118 (10th Cir. 2005) (collecting Circuit Courts of Appeal cases wherein the government had destroyed or was no longer in possession of evidence). "A Rule 41[(g)] motion is properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture[,] or the government's need for the property as evidence continues.'" United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993) (quoting United States v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir. 1991).

To refute the movant's request for return of property, "[t]he government must do more than state, without documentary support, that it no longer possesses the property at issue". Chambers, 192 F.3d at 377-78. "[T]he Government, in order to defeat a motion for the return of seized property, must provide some evidentiary proof accounting for the property seized". United States v. Cardona, 897 F. Supp. 802, 804 (S.D.N.Y. 1995).

Defendant has proffered evidence that Defendant never had the property in question and that the property in question has been forfeited to the State of Arizona or otherwise destroyed. See Doc. 9, Exh. 1. Plaintiff acknowledges and confirms that this matter should be dismissed because the property in question was seized by the Arizona Highway Patrol, and not the United States. Plaintiff avers that, although the District Court ordered that the seized property be turned over to the Office of Customs Enforcement when it acquired custody of Plaintiff, this did not occur and, accordingly, that Defendant does not possess his property. See Doc. 11.

Accordingly,

**IT IS RECOMMENDED that** the motion to return property brought pursuant to Rule 41(g), Federal Rules of Criminal Procedure be **denied** and the matter **dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna–Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Dated this 10th day of December, 2014.

_____
Mark E. Aspey
United States Magistrate Judge